## IN THE UNITED STATES DISTRICT COURT
## FOR THE NORTHERN DISTRICT OF OHIO
## EASTERN DIVISION

| | |
|---|---|
| KIEDROWSKI'S SIMPLY DELICIOUS BAKERY, LLC**,** an Ohio Limited Liability Company, TIMOTHY J. KIEDROWSKI, an Individual, and TERESA R. KIEDROWSKI, an individual.<br><br>       ***Plaintiffs,***<br><br>  v.<br><br>AVON PIZZA, LLC d/b/a DEFENDANTS' PIZZA & SUBS, an Ohio Limited Liability Corporation; DAVID L. WITTSCHEN, JR., an individual; MANDY WITTSCHEN, an individual; RAYMOND BROWN, an individual; AMANDA BROWN, an individual,<br>       ***Defendants*** | Case No.<br><br><br>__JURY TRIAL DEMANDED__ |

## COMPLAINT

   Plaintiffs Kiedrowski's Simply Delicious Bakery, LLC, Timothy J. Kiedrowski, and Teresa R. Kiedrowski ("Kiedrowski's" or "Plaintiffs") by and through undersigned counsel, and for their Complaint against Avon Pizza, LLC d/b/a Defendants' Pizza and Subs, David L. Wittschen, Jr., Mandy Wittschen, Raymond Brown, and Amanda Brown ("Defendants'" or "Defendants") states as follows:

### SUMMARY OF NATURE OF ACTION

   1.  Plaintiffs bring this Complaint against Defendants seeking relief for Defendants' past and continued willful and deliberate use of Plaintiffs' trademarks, illegal counterfeiting, false and misleading solicitation of consumers and promotion of Defendants' products in a manner calculated to deceive the consuming public into believing that Defendants' products contain or are associated with Plaintiffs' genuine goods, and a demand for money.

1

2.       This is an action for trademark infringement and trademark counterfeiting pursuant to Section 43(a) of the Lanham Act (15 U.S.C. § 1114 *et seq.)*; trade name infringement, unfair competition, false designation of origin and false advertising pursuant to Section 43(a) of the Lanham Act (15 U.S.C. §1125 *et. seq.);* state unfair competition pursuant to the Ohio Deceptive Trade Practices Act (Ohio Revised Code § 4165.02); common law trademark infringement, common law unfair competition, and a demand for a judgment for the payment of money.

## THE PARTIES

3.       Plaintiffs Kiedrowski's Simply Delicious Bakery, LLC is an Ohio limited liability company with a principal place of business at 2267 Cooper Foster Road, Amherst, Ohio 44001 and holds the exclusive right through license to utilize the trademark SNOOGLE®, United States Patent and Trademark Office Registration Number 3,940,602 issued April 5, 2011. ("SNOOGLE MARK") (A true and correct copy of the United States Patent and Trademark Office Certificate of Registration for the SNOOGLE MARK is attached as **Exhibit A**).

4.       Plaintiffs Timothy J. Kiedrowski, an individual, is an owner of the SNOOGLE MARK, with a principal address of 2267 Cooper Foster Road, Amherst, Ohio 44001.

5.       Plaintiffs Teresa R. Kiedrowski, an individual, is an owner of the SNOOGLE MARK, with a principal address of 2267 Cooper Foster Road, Amherst, Ohio 44001.

6.       Defendant Avon Pizza, LLC d/b/a Coleone's Pizza ("Defendants') is an Ohio limited liability company with a principal place of business at 2424 Ridgeland Drive, Avon, Ohio 44011.  Defendants' operates a variety food establishment selling pizza, subs, breakfast items, baked goods, and catering.

7.       Defendant David L. Wittschen Jr is an individual and listed owner of Defendant Avon Pizza, LLC and upon information and belief, has a principal address of 3389 Spruce Court, Avon, Ohio 44011.

8.    Defendant Mandy Wittschen is an individual and listed owner of Defendant Avon Pizza, LLC and upon information and belief, has a principal address of 3389 Spruce Court, Avon, Ohio 44011.

9.    Defendant Raymond Brown is an individual and listed owner of Defendant Avon Pizza, LLC and upon information and belief, has a principal address of 280 Finestra Lane, Avon Lake, Ohio 44012.

10.    Defendant Amanda Brown is an individual and listed owner of Defendant Avon Pizza, LLC and upon information and belief, has a principal address of 280 Finestra Lane, Avon Lake, Ohio 44012.

## JURISDICTION AND VENUE

11.    This Court has original subject matter jurisdiction over this action pursuant to 28 U.S.C. §§ 1331, 1332, and 1338(a) and (b) and 15 U.S.C. §§ 1116 and 1121.

12.    This Court has supplemental subject matter jurisdiction over Plaintiffs' state claims under 28 U.S.C. § 1338(b) and 28 U.S.C. § 1367 because the claims are joined with a substantial and related federal claim and form a part of the same case or controversy under Article III of the United States Constitution.

13.    Venue is proper in this District pursuant to 28 U.S.C. §§ 1391, 1400(a) and Local Rule 3.8 of the United States District Court for the Northern District of Ohio because both Plaintiffs and Defendants reside in this District.  Venue is also proper in this District pursuant to 28 U.S.C. §§ 1391(b), (c), and (d) because a substantial portion of the events or omissions giving rise to the claims herein occurred in this District.

## FACTUAL BACKGROUND

### Plaintiffs and Plaintiffs' Marks

14.     Since November, 1984, Plaintiffs have operated Kiedrowski's Simply Delicious Bakery providing high quality, innovative, and award winning products including cakes, pastries, breads, cookies, and various other culinary delights. Plaintiffs utilize unique marketing techniques and offer a unique and highly sought after customer experience creating additional trademarks, trade names, and trade dress for which Plaintiffs claim ownership. ("KIEDROWSKI MARKS")

15.     Since at least January 15, 1986, Plaintiffs have been advertising, actively promoting, and selling its high-quality bakery products in association with the federally-registered SNOOGLE MARK and KIEDROWSKI MARKS in connection with pastries and its bakery, in interstate, intrastate, and foreign commerce, including commerce in the State of Ohio and in this District.

16.     Plaintiffs Kiedrowski's Simply Delicious Bakery, LLC is the exclusive licensee to the SNOOGLE MARK and KIEDROWSKI MARKS with the first right to enforce the SNOOGLE MARK and the KIEDROWSKI MARKS.

17.     Plaintiffs have expended significant time, energy, and money promoting and marketing its business, goods, and services under the SNOOGLE MARK and the KIEDROWSKI MARKS. As a result, Plaintiffs enjoy valuable goodwill in connection with the SNOOGLE MARK and the KIEDROWSKI MARKS. The SNOOGLE MARK and the KIEDROWSKI MARKS represent to the worldwide consuming public the goods offered by Plaintiffs and its affiliates and/or licensees.

18.     The SNOOGLE MARK and the KIEDROWSKI MARKS are highly distinctive, are widely and favorably known throughout the United States and bakery industries, and have acquired secondary meaning.

19.     Plaintiff Kiedrowski's Simply Delicious Bakery was named the 2011 Best Bakery in America in a contest sponsored by The Baking Channel, Baking Buyer Magazine, and Dawn Foods.

20.     Plaintiffs have also won many consumer based awards in the Cleveland Area including but not limited to 2012 Reader's Choice for Best Pastries and Best Donuts by the Lorain Morning Journal Magazine, 2008 and 2009 Best Bakery by Fox8 News.

21.     All pastries bearing the SNOOGLE MARK and the KIEDROWSKI MARKS are sold only through authorized Kiedrowski's distributors.

22.     Products bearing Plaintiffs' SNOOGLE MARK and the KIEDROWSKI MARKS have been and are now recognized by the public as those of Plaintiffs' exclusively.

## Defendants' Illegal and Willful Infringing Activities

23.     Upon information and belief, Defendants' market and sell food items which include pizza, subs, and breakfast items since 2008.

24.     From November 1, 2012 to July 27, 2014, Plaintiffs supplied Defendants' daily with Kiedrowski's product based on daily orders placed by Defendants.  Defendants never returned any product, made any statements of error regarding the invoices received, or complained of the quality of the product received.

25.     Defendants heavily marketed and utilized Plaintiffs SNOOGLE MARK and the KIEDROWSKI MARKS while it sold Plaintiffs' products.

26.     On July 22, 2014, Plaintiffs delivered a demand to Defendants stating that Defendants' indebtedness to Plaintiffs must be made in full by July 27, 2014 or Defendants would no longer receive product and that Defendants must cease any reference to Plaintiffs or use of its trademarks.

27.     As of August 29, 2014, Defendants have still not paid its indebtedness to Plaintiffs.

(**Exhibit B – Affidavit of Teresa Kiedrowski and Invoice**)

28.     As of August 29, 2014, Defendants still utilize the SNOOGLE MARK and the KIEDROWSKI MARKS and falsely state that Defendants still sell Plaintiffs' products.





29.     Based on information and belief, Defendants now sell a competitor to Plaintiffs'

products – Becker's Bakery of North Ridgeville, Ohio.

30.     Defendants' failure to notify the public through advertising, Defendants' website,

and social media channels continues to leave consumers with the false impression that the

consumer is purchasing Plaintiffs goods.

31.     On August 9, 2014 Defendants placed a post on the Defendants' Facebook page

inviting customers to come and get donuts.  This post was directly after a post where Kiedrowski's

products were featured.  The August 9, 2014 post did not reference the new supplier of baked

goods to the Defendants in any manner.



32.     Defendants have acknowledged to Plaintiffs the receipt of the July 22, 2014 correspondence and acknowledged it indebtedness to Plaintiffs and continues to utilize SNOOGLE MARK and the KIEDROWSKI MARKS without compensation and authorization.

33.      Defendants, without authorization or any license from Plaintiffs, have knowingly and willfully used, reproduced and/or copied the SNOOGLE MARK and the KIEDROWSKI MARKS in connection with its distributing, advertising offering for sale and selling of its bakery products, in interstate, intrastate and international commerce including commerce in Ohio and in this District that are counterfeit and infringing copies of Plaintiffs' goods.

34.     Defendants are not authorized to distribute, offer for sale, or sell products bearing the SNOOGLE MARK and the KIEDROWSKI MARKS if obtained from a source other than Plaintiffs.

8

35.    Defendants use of the SNOOGLE MARK and the KIEDROWSKI MARKS on or in connection with the advertising, marketing, distribution, offering for sale and sale of its bakery products is likely to cause confusion, or to cause mistake or to deceive.

36.    Defendants' use of the SNOOGLE MARK and the KIEDROWSKI MARKS on or in connection with the advertising, marketing, distribution, offering for sale and sale of its bakery products has caused and continues to cause existing and potential purchases of Plaintiffs' bakery products to not purchase Plaintiffs' bakery products because the counterfeit bakery products are of such inferior quality.

37.    Defendants' continued solicitation of the consuming public and promotion of its bakery products in a manner calculated to deceive the consuming public into believing that it was purchasing Plaintiffs' bakery products after it began utilizing a new supplier further demonstrates Defendants' willful and deliberate decision to disregard Plaintiffs' rights, to falsely claim that genuine Kiedrowski's bakery products were being sold by Defendants, and/or to capitalize on the goodwill developed by Plaintiffs to deceive the consuming public.

38.    Defendants' failure to pay Plaintiffs the amounts owed further demonstrates its attempts to capitalize on Plaintiffs' SNOOGLE MARK and the KIEDROWSKI MARKS and the deliberateness and willfulness of Defendants actions.

## FEDERAL TRADEMARK COUNTERFEITING AND TRADEMARK INFRINGEMENT (15 U.S.C. § 1114)

39.    Plaintiffs reallege and incorporate by reference paragraphs 1 – 38 as if fully set forth herein.

40.    Plaintiffs Timothy and Teresa Kiedrowski are the owners of all right, title, and interest in and to the "SNOOGLE MARK."  Plaintiff Kiedrowski's Simply Delicious

Bakery, LLC holds the exclusive license to the SNOOGLE MARK and owns the KIEDROWSKI MARKS.

41. The SNOOGLE MARK and the goodwill of the business associated with it in the United States and throughout the world are of great value, are highly distinctive and arbitrary, and have become universally associated in the public mind with the products and services of the very highest quality and reputation finding their source in Plaintiffs.

42. Defendants' advertisements and website for its bakery products utilize the SNOOGLE MARK and the KIEDROWSKI MARKS. Without Plaintiffs' authorization or consent, and with knowledge of Plaintiffs' well- known rights in the SNOOGLE MARK and the KIEDROWSKI MARKS, Defendants' have manufactured, distributed, offered for sale and/or sold the bakery products to the consuming public in direct competition with Plaintiffs' sale of genuine bakery products, in or affecting interstate commerce.

43. Defendants' unauthorized interstate use in commerce of copies or simulations of the SNOOGLE MARK and the KIEDROWSKI MARKS and the sale of counterfeit bakery products to sell, offer for sale, distribute, and/or advertise its bakery products constitutes a reproduction, copying, and colorable imitation of Plaintiffs' SNOOGLE MARK and the KIEDROWSKI MARKS, and is presumed to cause confusion, mistake and deception among the general purchasing public as to the identity and origin of Defendants' bakery products and is presumed to deceive the public into believing the bakery products being sold therein by Defendants originate from, are associated with or are otherwise authorized by Plaintiffs, all to the damage and detriment of Plaintiffs' reputation, goodwill and sales.

44. Despite its actual and constructive knowledge of Plaintiffs' ownership of the SNOOGLE MARK and the KIEDROWSKI MARKS and Plaintiffs' prior use of the SNOOGLE MARK and the KIEDROWSKI MARKS, Defendants' continue to use Plaintiffs'

SNOOGLE MARK and the KIEDROWSKI MARKS without Plaintiffs' authorization or consent.  Defendants' actions are deliberate and willful and have been done with the intention of trading upon the valuable goodwill built up by Plaintiffs in the SNOOGLE MARK and the KIEDROWSKI MARKS.

45.     Plaintiffs have sustained injury, damage, and loss based on Defendants' actions.

46.     Plaintiffs have no adequate remedy at law and, if Defendants' activities are not enjoined, Plaintiffs will continue to suffer irreparable harm and injury to its goodwill and reputation.

## COUNT II

## FEDERAL UNFAIR COMPETITION – FALSE DESIGNATION OF ORIGIN (15 U.S.C. § 1125)

47.     Plaintiffs reallege and incorporate by reference paragraphs 1 – 46 as if fully set forth herein.

48.     Plaintiffs have spent substantial sums of money to promote its bakery and baked goods under the SNOOGLE MARK and the KIEDROWSKI MARKS.    Plaintiffs have also generated substantial revenue with the SNOOGLE MARK and the KIEDROWSKI MARKS. The SNOOGLE MARK and the KIEDROWSKI MARKS are distinctive and have become impressed upon the minds of the trade and public as identifying Plaintiffs' bakery products.  Plaintiffs' SNOOGLE MARK and the KIEDROWSKI MARKS also indicate a source of origin of the bakery products and services provided in association with the SNOOGLE MARK and the KIEDROWSKI MARKS.  The reputation and goodwill that has been built-up in Plaintiffs' SNOOGLE MARK and the KIEDROWSKI MARKS is of great value to Plaintiffs.

49.     Defendants' unauthorized interstate use in commerce of Plaintiffs' SNOOGLE MARK and the KIEDROWSKI MARKS to promote, advertise, market, and/or sell bakery products and services constitutes false designation of origin pursuant to 15 U.S.C. §§ 1125(a).

50.     Defendants' use of Plaintiffs' SNOOGLE MARK and the KIEDROWSKI MARKS constitutes false designation of origin that is likely to cause confusion, mistake, and deception among consumers as to the affiliation, connection, or association of Defendants' with Plaintiffs, and/or as to the origin, sponsorship, or approval of Defendants and/or Defendants' goods or services by or with Plaintiffs and/or Plaintiffs' goods or services, in violation of Section 43(a) of the Lanham Act, 15 U.S.C. § 1125(a). Defendants' deceptive actions are likely to influence the consuming public's purchasing decisions. Defendants' unfair competition jeopardizes the goodwill built up by Plaintiffs in its SNOOGLE MARK and the KIEDROWSKI MARKS and causes irreparable harm to Plaintiffs for which there is no adequate remedy at law.

51.     Defendants' representations and descriptions in commercial advertisements and promotional materials that Plaintiffs' bakery product is being sold by Defendants are false and misleading and were done to deceive the consuming public and to capitalize on the goodwill developed by Plaintiffs. Defendants misrepresented the nature, characteristics, qualities, or geographic origin of Defendants' goods by falsely indicating that its bakery products come from, or is connected with, sponsored by, affiliated with, or related to Plaintiffs.

52.     Despite its actual and constructive knowledge of Plaintiffs' ownership and prior use of the SNOOGLE MARK and the KIEDROWSKI MARKS, Defendants continue to use Plaintiffs' SNOOGLE MARK and the KIEDROWSKI MARKS w i t h o u t  Plaintiffs' authorization or consent. Defendants' actions are deliberate and willful and have been done

12

with the intention of trading upon the valuable goodwill built up by Plaintiffs in its SNOOGLE MARK and the KIEDROWSKI MARKS.

53.     Plaintiffs have sustained injury, damage, and loss based on Defendants' actions.

54.      By reason of the foregoing acts, Defendants are liable for false designation of origin under 15 U.S.C. § 1125(a).

## COUNT III

## FEDERAL UNFAIR COMPETITION – FALSE ADVERTISING (15 U.S.C. § 1125)

55.     Plaintiffs reallege and incorporate by reference paragraphs 1 – 54 as if fully set forth herein.

56.     Plaintiffs have spent substantial sums of money to promote its bakery and baked goods under the SNOOGLE MARK and the KIEDROWSKI MARKS.   Plaintiffs have also generated substantial revenue based on the SNOOGLE MARK and the KIEDROWSKI MARKS.  The SNOOGLE MARK and the KIEDROWSKI MARKS are distinctive and have become impressed upon the minds of the trade and public as identifying Plaintiffs' bakery products and services.  Plaintiffs' SNOOGLE MARK and the KIEDROWSKI MARKS also indicate a source of origin of the bakery products and services provided in association with the SNOOGLE MARK and the KIEDROWSKI MARKS.  The reputation and goodwill that has been built-up in Plaintiffs' SNOOGLE MARK and the KIEDROWSKI MARKS are of great value to Plaintiffs.

57.     Defendants' unauthorized interstate use in commerce of Plaintiffs' SNOOGLE MARK and the KIEDROWSKI MARKS  to promote, advertise, market, and/or sell bakery products and services constitutes false advertising pursuant to 15 U.S.C. §§ 1125(a).

58.     Defendants' false or misleading descriptions or representations of fact in commercial advertisements and/or promotional materials in connection with Defendants' goods

constitutes false advertising that is likely to cause confusion, mistake, and deception among consumers as to the affiliation, connection, or association of Defendants with Plaintiffs, and/or as to the origin, sponsorship, or approval of Defendants' goods by or with Plaintiffs and Plaintiffs' goods, in violation of Section 43(a) of the Lanham Act, 15 U.S.C. § 1125(a). Defendants' deceptive actions are likely to influence the consuming public's purchasing decisions. Defendants' unfair competition jeopardizes the goodwill built up by Plaintiffs in its SNOOGLE MARK and the KIEDROWSKI MARKS and is causing irreparable harm to Plaintiffs for which there is no adequate remedy at law.

59.     Defendants' representations and descriptions in commercial advertisements and promotional materials that Plaintiffs' bakery products are being sold by Defendants are false and misleading and were done to deceive the consuming public and to capitalize on the goodwill developed by Plaintiffs.  Defendants misrepresented the nature, characteristics, qualities, or geographic origin of Defendants' and Plaintiffs' goods.  Defendants' actions constitute literally false and/or misleading descriptions and representations of fact.

60.     Despite its actual and constructive knowledge of Plaintiffs' ownership and prior use of the SNOOGLE MARK and the KIEDROWSKI MARKS, Defendants have continued to use Plaintiffs' SNOOGLE MARK and the KIEDROWSKI MARKS w i t h o u t  Plaintiffs' authorization or consent.  Defendants' actions are deliberate and willful and have been done with the intention of trading upon the valuable goodwill built up by Plaintiffs in its SNOOGLE MARK and KIEDROWSKI MARKS.

61.     Plaintiffs have sustained injury, damage, and loss based on Defendants' actions.

62.     By reason of the foregoing acts, Defendants are liable for false advertising under 15 U.S.C. § 1125(a).

<u>**COUNT IV**</u>

<u>**VIOLATION OF THE OHIO DECEPTIVE TRADE PRACTICES ACT**</u>
<u>**(Ohio Revised Code § 4165 *et seq.*)**</u>

63.     Plaintiffs reallege and incorporate by reference paragraphs 1 – 62 as if fully set forth herein.

64.     The acts of Defendants complained of herein constitute deceptive trade practices in violation of Ohio Revised Code § 4165.02.

<u>**COUNT V**</u>

<u>**COMMON LAW TRADEMARK INFRINGEMENT**</u>

65.     Plaintiffs reallege and incorporate by reference paragraphs 1 – 64 as if fully set forth herein.

66.     Plaintiffs have common law rights in the SNOOGLE MARK and KIEDROWSKI MARKS.

67.     Defendants' unauthorized use of copies or simulations of the SNOOGLE MARK and the KIEDROWSKI MARKS and the sale of counterfeit bakery products to sell, offer for sale, distribute, and/or advertise its bakery products constitutes a reproduction, copying, and colorable imitation of Plaintiffs' SNOOGLE MARK and KIEDROWSKI MARKS and is presumed to cause confusion, mistake and deception among the general purchasing public as to the identity and origin of the bakery products sold by Defendants and is presumed to deceive the public into believing the bakery products being sold by Defendants originate from, are associated with or are otherwise authorized by Plaintiffs, all to the damage and detriment of Plaintiffs' reputation, goodwill and sales.

68.     Defendants' unauthorized use of copies or simulations of the SNOOGLE MARK and the KIEDROWSKI MARKS and the sale of counterfeit bakery products to sell, offer for

sale, distribute, and/or advertise is likely to cause confusion, mistake and deception among the general purchasing public as to the identity and origin of Defendants' counterfeit bakery products included therein, and is likely to deceive the public into believing the bakery products being sold therein by Defendants originate from, are associated with or are otherwise authorized by Plaintiffs, all to the damage and detriment of Plaintiffs' reputation, goodwill and sales.

69.     Despite its actual and constructive knowledge of Plaintiffs' ownership of the SNOOGLE MARK and the KIEDROWSKI MARKS and Plaintiffs' prior use of those marks and names, Defendants continue to use Plaintiffs' SNOOGLE MARK and KIEDROWSKI MARKS without Plaintiffs' authorization or consent.  Defendants' actions are deliberate and willful and have been done with the intention of trading upon the valuable goodwill built up by Plaintiffs in its SNOOGLE MARK and KIEDROWSKI MARKS.

70.     Plaintiffs have sustained injury, damage, and loss based on Defendants' actions.

71.     The acts of Defendants complained of herein constitute trademark infringement in violation of the common law of Ohio.

## COUNT VI

## COMMON LAW UNFAIR COMPETITION

72.     Plaintiffs reallege and incorporate by reference paragraphs 1 – 71 as if fully set forth herein.

73.     Plaintiffs have common law rights in the SNOOGLE MARKS and the KIEDROWSKI MARKS.

74.     Defendants' use of Plaintiffs' SNOOGLE MARK and KIEDROWSKI MARKS constitutes unfair competition that is likely to cause confusion, mistake, and deception among consumers as to the affiliation, connection, or association of Defendants with Plaintiffs, and/or as to the origin, sponsorship, or approval of Defendants and/or Defendants' goods or

services by or with Plaintiffs and/or Plaintiffs' goods or services. Defendants' deceptive actions are likely to influence the consuming public's purchasing decisions. Defendants' unfair competition jeopardizes the goodwill built up by Plaintiffs in its SNOOGLE MARK and KIEDROWSKI MARKS and is causing irreparable harm to Plaintiffs for which there is no adequate remedy at law.

75. Defendants' representations and descriptions in commercial advertisements and promotional materials that Plaintiffs' genuine bakery products are sold by Defendants are false and misleading and were done to deceive the consuming public and to capitalize on the goodwill developed by Plaintiffs. Defendants misrepresented the nature, characteristics, qualities, or geographic origin of Defendants' goods by falsely indicating that the bakery product sold by Defendants' comes from, or is connected with, sponsored by, affiliated with, or related to Plaintiffs.

76. Despite its actual and constructive knowledge of Plaintiffs' ownership and prior use of the SNOOGLE MARK and the KIEDROWSKI MARKS, Defendants have continued to use Plaintiffs' SNOOGLE MARK and KIEDROWSKI MARKS without Plaintiffs' authorization or consent. Defendants' actions are deliberate and willful and have been done with the intention of trading upon the valuable goodwill built up by Plaintiffs in its SNOOGLE MARK and KIEDROWSKI MARKS.

77. Plaintiffs have sustained injury, damage, and loss based on Defendants' actions.

78. The acts of Defendants complained of herein constitute unfair competition in violation of the common law of Ohio.

## COUNT VII

### ACCOUNT

79.     Plaintiffs reallege and incorporate by reference paragraphs 1 – 78 as if fully set forth herein.

80.     Defendants owe Plaintiffs on an account, a copy of which is attached hereto as Exhibit B, the sum of $24,124.46.

81.     Plaintiffs demand judgment against Defendant in the sum of $24,124.46, with statutory interest from the date the sum was due and payable, and Plaintiff's costs.

## COUNT VIII

### ACCOUNT STATED

82.     Plaintiffs reallege and incorporate by reference paragraphs 1 – 81 as if fully set forth herein.

83.     Aforesaid account was rendered stated as between the Plaintiffs and Defendants because Defendants had a reasonable period of time to examine the account and object if Defendants disputed the correctness and Defendants have acknowledged that the payments are due. No objection to the correctness of said account was ever lodged.

### COUNT IX

### QUANTUM MERUIT

84.     Plaintiffs reallege and incorporate by reference paragraphs 1 – 83 as if fully set forth herein.

85.     Plaintiffs furnished valuable products to Defendants.

86.     Defendants accepted, used and enjoyed the materials furnished by Plaintiff.

87.     Plaintiffs expected to be paid for such goods by Defendants.

88.     Under such circumstances, it would be unjust to permit Defendants to retain the benefit of such goods without making payment therefore.

## PRAYER FOR RELIEF AND DEMAND FOR JUDGMENT

WHEREFORE, Plaintiffs prays for judgment against Defendants as follows:

A.      Judgment be entered for Plaintiffs on all of its respective claims.

B.      A finding that Defendants' acts constitute a violation of the claims alleged in Count I through IX.

C.      That Defendants, its/their officers, agents, servants, employees, attorneys, confederates, and all persons acting for, with, by, through or under it be temporarily and preliminarily enjoined and restrained for the pendency of this action and, thereafter, permanently:

(1)      from using in any manner the SNOOGLE MARK and the KIEDROWSKI MARKS, alone or in combination with any word or words which so resemble each said trademark as to be likely to cause confusion, deception, or mistake on or in connection with the advertising, offering for sale, or sale of any product not Plaintiffs', or not authorized by Plaintiffs to be sold in connection with each of the SNOOGLE MARK and the KIEDROWSKI MARKS;

(2)      from passing off, inducing, or enabling others to sell or pass off any product as and for products produced by Plaintiffs, not Plaintiffs', or not produced under the control and supervision of Plaintiffs and approved by Plaintiffs for sale under the SNOOGLE MARK and the KIEDROWSKI MARKS;

(3)      from committing any acts calculated to cause purchasers to believe that Defendants' products are those sold under the control and supervision of Plaintiffs, or sponsored or approved by, or connected with, or guaranteed by, or produced under the control and supervision of Plaintiffs;

(4)      from further infringing all of the SNOOGLE MARK and the KIEDROWSKI MARKS  and damaging Plaintiffs' goodwill;

(5)      from otherwise competing unfairly with Plaintiffs in any manner;

(6)      from s e l l i n g , shipping, delivering, distributing, returning or otherwise disposing of, in any manner, products or inventory not manufactured by or for Plaintiffs, nor authorized by Plaintiffs to be sold or offered for sale, and which bear any of the SNOOGLE MARK or the KIEDROWSKI MARKS.

D.      That Defendants be required upon service of this Complaint to immediately deliver up to Plaintiffs any and all products, guarantees, circulars, price lists, labels, signs, prints, packages, wrappers, pouches, receptacles, advertising matter, promotional, and other materials in the possession of Defendants or under their control bearing any of the SNOOGLE MARK or the KIEDROWSKI MARKS , or each of them, alone or in combination with any other words, or used in connection with the advertising, offering for sale or sale of products not Plaintiffs', or not made under the authorization and control of Plaintiffs.

E.      That Defendants be required upon service of this Complaint to immediately supply Plaintiffs with a complete list of entities from whom they purchased and to whom they distributed and/or sold products falsely bearing the SNOOGLE MARK or the KIEDROWSKI MARKS or products not authorized by Plaintiffs to be sold in connection with each of said marks, and produce complete documentation showing all purchases from these entities.

F.      That Defendants are required upon service of this Complaint to immediately deliver up for destruction its entire inventory of said products bearing any of the aforesaid infringing.

G.      That Defendants are required to pay Plaintiffs an amount of money for Plaintiffs to effectively engage in a corrective advertising campaign to undo the damage to its business caused by Coleone.

H.      That Defendant, within thirty (30) days after service of judgment with notice of entry thereof upon it, be required to file with the Court and serve upon Plaintiffs a written report under oath setting forth in detail the manner in which Coleone has complied with paragraphs A through G, *supra*.

I.      That Defendants account for and pay over to Plaintiffs profits realized by Defendants by reason of Defendants' unlawful acts herein alleged and, that the amount

of  damages   for infringement of Plaintiffs' registered trademarks be increased by a sum not exceeding three times the amount thereof as provided by law.

J.      That Plaintiffs be awarded actual damages of at least $75,000.

K.      That Plaintiffs be awarded the maximum amount of statutory damages permitted by law for Defendants' willful counterfeiting and infringing the SNOOGLE MARK and the KIEDROWSKI MARKS.

L.      That Plaintiffs be awarded reasonable attorney's fees and have such other and further relief as the Court may deem equitable including, but not limited to, any relief set forth under Sections 34-39 of the 1946 Trademark Act.

M.      That, pursuant to the Ohio Deceptive Trade Practices Act, Coleone be preliminarily and permanently enjoined and Plaintiffs be awarded its reasonable attorney's fees and costs.

N.      Plaintiff demands judgment against Defendants in the sum of $24,124.46, with the maximum interest permitted by this Court from the time the outstanding invoices were due, and Plaintiff's costs.

## **JURY DEMAND**

Plaintiffs respectfully request a jury trial on all issues so triable.

Dated: August 30, 2014                              Respectfully Submitted,

**/s/ Tammy L. Browning-Smith**

Tammy L. Browning-Smith (0072999)
BROWNING-SMITH P.C.
1126 Meadowbrook Drive
Amherst, OH 44001
(440) 398-0098
tammy@browning-smith.com

*Attorney for Plaintiffs Kiedrowski's Simply*
*Delicious Bakery, LLC, Timothy J. Kiedrowski and*
*Teresa Kiedrowski.*